UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:08-cr-343-J-34MCR

MARVIN LEIGH MADKINS
_____/

**ORDER**

     **THIS CAUSE** is before the Court on *pro se* Defendant's Motion for Return

of Property under Fed.R.Crim.P. 41(g) ("Motion for Return") (Doc. 126).[1]  The

Government has filed responses to this Motion.  (*See* Docs. 128, 130, 131.)  For

the reasons stated herein, the Motion is due to be **GRANTED in part** and

**DENIED in part**.

    **I.**    **Background**

     On September 24, 2008, Defendant was indicted for knowingly recruiting,

enticing, and transporting minors, while knowing that force, fraud, and coercion

would be used to cause the minors to engage in a commercial sex act in violation

of 18 U.S.C. § 1591, and knowingly transporting minors from Norfolk, Virginia to

Jacksonville, Florida with the intent that they engage in prostitution in violation of

18 U.S.C. § 2423(a).  (Doc. 1.)  On March 6, 2009, a jury found Defendant guilty

---

[1] Defendant also filed a motion for reconsideration of the Court's earlier Order
denying return of property under Fed.R.Crim.P. 41(g).  (Doc. 129.)  Because Defendant
already objected to the earlier ruling, and Judge Howard overruled his objections, the
present motion for reconsideration (Doc. 129) is due to be denied.

of these offenses.[2]  (Doc. 68.)  An amended judgment was entered on December 2, 2009 (*see* Doc. 87), which Defendant timely, but unsuccessfully, appealed on December 4, 2009 (*see* Docs. 88, 108).

Defendant's first motion for return of property under Fed.R.Crim.P. 41(g) was filed on July 18, 2011.  (Doc. 109.)  The Government filed a response to that motion on August 2, 2011.  (Doc. 112.)  On August 3, 2011, the Court entered an Order denying Defendant's first motion for return of property because Defendant's property was not in the Government's possession.  (Doc. 113.) Defendant objected to that Order; however, on November 3, 2011, Judge Howard overruled Defendant's objections and affirmed the August 3, 2011 Order.  (Doc. 122.)  In addition, Judge Howard's Order denied the Government's Motion to File Government's Exhibit 38N with the Clerk of the Court, which is a photograph that was not admitted into evidence at trial, and stated that the photograph should not be returned until Defendant's § 2255 motion is resolved.  (*Id.*)

On March 10, 2015, Defendant filed his second motion for return of property under Fed.R.Crim.P. 41(g) (Doc. 126), which is presently before the Court.  The motion provides in relevant part: "My 2255 was resolved on September 6, 2014, and so I am once again requesting the return of my property. I further ask that my returned property be forwarded to my [sic] at my place of

---

[2] Defendant was found not guilty as to Count IV of the Indictment, which alleged knowing possession of a firearm in violation of 18 U.S.C. § 1591.

2

confinement or to an address designated by me." (*Id.*)

In response, the Government states that it does not object to returning Exhibit 38N (a photograph depicting Defendant), which is currently in its possession. (Docs. 130, 131.) However, the Government requests that it be permitted to mail the photograph to Defendant and file a certificate of service, if authorized by the Court. (*Id.*) With regard to all other property, which was admitted into evidence at trial and is currently in the custody of the Clerk of Court, the Government states that the property, except Defendant's watch and a Jacksonville Sheriff's Office rights form, is sexually explicit or pornographic, and under Bureau of Prison regulations, it should not be returned to Defendant in prison. (Doc. 131.) As to Defendant's watch, the Government does not object to the Clerk of Court making it available for release, at Defendant's expense, to a member of the community designated by Defendant, provided that a photograph of the watch is substituted for the actual exhibit. (*Id.*) In light of Bureau of Prisons Policy Statement 5580.08 and the security concerns related to possession of certain watches in prison, the Government objects to the release of the watch directly to Defendant. (*Id.*) Finally, as to the original rights form, the Government states that it is the property of the Jacksonville Sheriff's Office. (*Id.*)

## II.    Discussion

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P.

41(g).

> When the property owner "invokes Rule 41(g) after the close of all
> criminal proceedings, the court treats the motion for return of
> property as a civil action in equity."  Equitable jurisdiction "must be
> exercised with caution and restraint" and is appropriate only when
> necessary to "prevent manifest injustice" in light of the movant's
> conduct and the merits of his request.  For the district court to
> exercise equitable jurisdiction, the property owner "must show that
> he had a possessory interest in the property seized by the
> government" and that he has "clean hands" with respect to the
> property.

*United States v. Mooney*, 581 F. App'x 831, 831 (11th Cir. Oct. 30, 2014) (per

curiam) (internal citations omitted).  The court must receive evidence on any

factual issue necessary to decide the motion."  Fed.R.Crim.P. 41(g); *see also*

*United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

Here, the Court sees no reason to disallow returning Exhibit 38N directly to

Defendant and Defendant's watch to a designated person, particularly given the

Government's non-objection with respect to these items.  Also, the Court finds it

appropriate to allow Defendant to obtain a copy of the Jacksonville Sheriff's

Office rights form, as long as the original remains in the custody of the Clerk of

Court.  However, with respect to the remaining property, which is sexually explicit

or pornographic in nature and has been used in Defendant's trial, Defendant has

not shown that he has "clean hands" to obtain the equitable relief sought.  *See*

*Mooney*, 581 F. App'x at 832 ("As the record demonstrates, and Mooney does

not dispute, his laptop computer contained evidence of, or relevant to, his

4

offenses, some of which also was contraband child pornography.  Thus, Mooney

failed to show he had clean hands with respect to the laptop computer, and he

was not entitled to its return under Rule 41(g).").

Accordingly, it is **ORDERED**:

1.    The Motion for Return (**Doc. 126**) is **GRANTED in part** and **DENIED**

**in part**.  The Motion is granted only to the extent that (1) the Government shall

mail the photograph in its possession (Exhibit 38N) to Defendant and file a

certificate of service within **fourteen (14) days** of this Order, (2) the Clerk of

Court shall mail a copy of the Jacksonville Sheriff's Office rights form to

Defendant within **fourteen (14) days** of this Order, and (3) Defendant shall

designate a member of the community to receive his watch, at Defendant's

expense, from the Clerk of Court, by filing a notarized power of attorney with the

Court.  Within **fourteen (14) days** of receiving the power of attorney, the Clerk of

Court shall make the watch available to the designated person, but the Clerk shall

keep a photograph of the watch in place of the actual exhibit.  In all other

respects, the Motion is denied.

2.    The Motion for Reconsideration (**Doc. 129**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 1st, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

5

Copies to:

Assistant United States Attorney (Heavener)

Defendant